UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
MARK A. SMITH,

                         Plaintiff,

         -against-

DET. FAMIANO, Shield #32, Brooklyn North
Narcotics; P.O. ALLEVATO, Shield # 23939,
Brooklyn North Narcotics; JOY KIERAS, ADA
Kings County, CITY OF NEW YORK,

                       Defendants.
-------------------------------------------------------------x
PAMELA K. CHEN, United States District Judge:

NOT FOR PUBLICATION

**MEMORANDUM
AND ORDER**
17-CV-6535 (PKC) (RER)

On November 6, 2017, Plaintiff Mark A. Smith, appearing *pro se*, filed this action against

Defendants.  On February 5, 2018, Plaintiff filed an amended complaint. Plaintiff's request to

proceed *in forma pauperis* is granted pursuant to 28 U.S.C. § 1915.  The Court dismisses this

action, in part, as set forth below.

## BACKGROUND

Plaintiff alleges that on February 5, 2015, Defendant Police Officer Frank Allevato

committed perjury to obtain a search warrant, authorizing the search of Plaintiff's residence, and

then "perjured himself a second time before an impaneled grand jury to secure an indictment

against Plaintiff." (*See* Am. Compl., Dkt. 4, at 4-6.)[1]  Plaintiff claims that Defendant Detective

Famiano also committed perjury while testifying before the grand jury.  (*Id.* at 6.)  Plaintiff further

states that Defendant Joy Kieras, an Assistant District Attorney ("ADA"), "prosecuted plaintiff

---

[1] The Court refers to the page numbers assigned by the Electronic Case Filing ("ECF")
system and not the document's internal pagination.

based on evidence she should have known was false and misleading." (*Id.* at 7.) Finally, Plaintiff alleges that the City of New York "failed to properly train and supervise each defendant." (*Id.*) Plaintiff seeks $5 million in compensatory damages and $15 million in punitive damages. (*Id.*)

## STANDARD OF REVIEW

A complaint must plead "enough facts to state a claim to relief that is plausible on its face," *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007), and "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). At the pleading stage of the proceeding, the Court must assume the truth of "all well-pleaded, nonconclusory factual allegations" in the complaint. *Kiobel v. Royal Dutch Petroleum Co.*, 621 F.3d 111, 123 (2d Cir. 2010) (citing *Iqbal*, 556 U.S. at 678). Although all allegations contained in the complaint are assumed to be true, this tenet is "inapplicable to legal conclusions." *Iqbal,* 556 U.S. at 678. In addition, a *pro se* complaint is "to be liberally construed*,*" *Ahlers v. Rabinowitz*, 684 F.3d 53, 60 (2d Cir. 2012), and interpreted "to raise the strongest arguments that [it] suggest[s]," *Graham v. Henderson*, 89 F.3d 75, 79 (2d Cir. 1996); *see Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) ("submissions of a *pro se* litigant must be construed liberally and interpreted to raise the strongest arguments that they suggest") (internal citations and quotations omitted). Nonetheless, pursuant to the *in forma pauperis* statute, the Court must dismiss a complaint if it determines that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks  monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

## DISCUSSION

Plaintiff is proceeding pursuant to 42 U.S.C. § 1983, which provides, in pertinent part:

> Every person who, under color of any statute, ordinance regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . .

42 U.S.C. § 1983. This statute "creates no substantive rights; it provides only a procedure for redress for the deprivation of rights established elsewhere." *Sykes v. James*, 13 F.3d 515, 519 (2d Cir. 1993). In order to maintain a § 1983 action, a plaintiff must show that the defendant (a) acted under color of state law (b) to deprive the plaintiff of a right arising under the Constitution or federal law. The Court will address Plaintiff's § 1983 claims as they pertain to each Defendant.

### A. ADA Kieras

Plaintiff's claims against ADA Kieras are dismissed because she is entitled to absolute immunity. *See Simon v. City of New York*, 727 F.3d 167, 171 (2d Cir. 2013) ("A prosecutor acting in the role of an advocate in connection with a judicial proceeding is entitled to absolute immunity for all acts 'intimately associated with the judicial phase of the criminal process.'") (quoting *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976)); *see also Dory v. Ryan*, 25 F.3d 81, 83 (2d Cir. 1994) ("[A]bsolute immunity protects a prosecutor from § 1983 liability for virtually all acts, regardless of motivation, associated with his function as an advocate."). A prosecutor's duties prior to the initiation of proceedings include "whether to present a case to the grand jury, whether to file an information, whether and when to prosecute, whether to dismiss an indictment against particular

3

defendants, which witnesses to call, and what other evidence to present." *Imbler*, 424 U.S. at 431 n.33. "A prosecutor is . . . entitled to absolute immunity despite allegations of his 'knowing use of perjured testimony' and the 'deliberate withholding of exculpatory information.' Although such conduct would be 'reprehensible,' it does not make the prosecutor amenable to a civil suit for damages." *Shmueli v. City of New York*, 424 F.3d 231, 237 (2d Cir. 2005) (citations omitted) (quoting *Imbler*, 424 U.S. at 431 n.34 (1976)). Therefore, Plaintiff's claim against ADA Kieras is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(iii).[1]

## B. The City of New York

In order to sustain a claim for relief under § 1983 against a municipal defendant, such as the City of New York, a plaintiff must show the existence of an officially adopted policy or custom that caused injury *and* a direct causal connection between that policy or custom and the deprivation of a constitutional right. *Monell v. Dep't of Social Servs. of the City of New York*, 436 U.S. 658, 692 (1978); *see also Connick v. Thompson*, 563 U.S. 51, 60 (2011) (municipalities can be held liable for "practices so persistent and widespread as to practically have the force of law"); *Plair v. City of New York*, 789 F. Supp. 2d 459, 469 (S.D.N.Y. 2011) ("Following *Iqbal* and *Twombly*, *Monell* claims must satisfy the plausibility standard. . . ."). Plaintiff's conclusory statement that the City of New York "failed to properly train and supervise each defendant," is insufficient to

---

[1] Plaintiff also seeks to bring a malicious prosecution claim against ADA Kieras. That claim also fails as Defendant Kieras is entitled to absolute immunity as set forth above, and Plaintiff has not set forth facts to support the four elements necessary to state a claim for malicious prosecution under New York state law: "(1) the defendant initiated a prosecution against plaintiff, (2) without probable cause to believe the proceeding can succeed, (3) the proceeding was begun with malice[,] and . . . (4) the matter terminated in plaintiff's favor.'" *Cameron v. City of New York*, 598 F.3d 50, 63 (2d Cir. 2010) (quoting *Ricciuti v. N.Y.C. Transit Auth.*, 124 F.3d 123, 130 (2d Cir. 1997)).

support a claim against the City of New York.  (*See* Am. Compl., at 7.)  Plaintiff's claims against

the City of New York are therefore dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

### C.  Officers Allevato and Famiano

Plaintiff's claims that Officers Allevato and Famiano testified falsely before the grand jury

must be dismissed because these Defendants are entitled to absolute immunity for their grand jury

testimony.  *Rehberg v Paulk*, 566 US 356, 369 (2012) (concluding that "grand jury witnesses

should enjoy the same immunity as witnesses at trial. This means that a grand jury witness has

absolute immunity from any § 1983 claim based on the witness' testimony.").  Yet the Court finds

that there may be a claim based on these Defendants' alleged misconduct prior to the grand jury

testimony. *See Coggins v. Buonora*, 776 F.3d 108 (2d Cir. 2015); *Yung Li v. City of New York*,

246 F. Supp. 3d 578 (E.D.N.Y. 2017).  As a result, Plaintiff's claim against Officers Allevato and

Famiano as to their grand jury testimony is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(iii),

but Plaintiff's claims regarding Officers' Allevato's and Famiano's alleged perjury in obtaining

the search warrant and their other alleged pre-trial misconduct shall proceed.

### CONCLUSION

This action is dismissed as to Defendants ADA Kieras and the City of New York pursuant

to 28 U.S.C. § 1915(e)(2)(B).  No summons shall issue against ADA Kieras and the City of New

York.  However, the claims, limited as set forth above, against Defendant-Officers Allevato and

Famiano shall proceed.  The Clerk of Court is directed to issue summonses against Defendants

Allevato and Famiano, and the United States Marshal Service is directed to serve the summons

and amended complaint against these Defendants without prepayment of fees.  The Clerk of Court

shall mail a courtesy copy of this Order along with the summons and amended complaint to the

Corporation Counsel for the City of New York, Federal Litigation Division.  Plaintiff's request to

proceed *in forma pauperis* is granted pursuant to 28 U.S.C. § 1915.  The case is referred to the

Honorable Ramon E. Reyes, United States Magistrate Judge, for pretrial supervision.  The Court

certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in

good faith and therefore *in forma pauperis* status is denied for the purpose of an appeal.  *Coppedge*

*v. United States*, 369 U.S. 438, 444-45 (1962).


                                            SO ORDERED.

                                            */s/ Pamela K. Chen*_____
                                            PAMELA K. CHEN
                                            United States District Judge


Dated: June 18, 2018
       Brooklyn, New York