UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------- x

MARK A. SMITH ,

                                               Plaintiff,

                -against-

DET. FAMIANO, Shield# 32 Brooklyn North Narcotics;
P.O. ALLEVATO, Shield# 23939, Brooklyn North
Narcotics ,

                                               Defendants

**STIPULATION OF CONFIDENTIALITY AND PROTECTIVE ORDER**

17 CV 5678 (PKC) (RER)

------------------------------------------------------------------------- x

        **WHEREAS**, pursuant to Rule 26 of the Federal Rules of Civil Procedure, Defendant City of New York must disclose certain documents and information to plaintiff;

        **WHEREAS**, pursuant to Rules 33 and 34 of the Federal Rules of Civil Procedure, plaintiff may seek certain documents and information from defendant City pursuant to plaintiff's discovery demands in this action;

        **WHEREAS**, defendant City deems this information and these documents confidential, private and/or subject to a law enforcement and/or governmental privileges and/or other applicable privileges;

        **WHEREAS**, good cause exists for the entry of an order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure;

        **WHEREAS**, defendant City objects to the production of those documents unless appropriate protection for their confidentiality is assured;

**NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED**, by and between the attorneys for plaintiff and all defendants that documents shall be produced in accordance with the terms set forth below:

1. This "Action" shall mean <u>Mark A. Smith v. Frank Allevato, Shield #2939, Det. Famiano, Shield #32, 17 CV 6535 (PKC) (RER)</u>, filed in the Eastern District of New York.

2. As used herein, without waiving the right to later interpose objections concerning these documents, "Confidential Materials" shall mean:

    (A) New York City Police Department ("NYPD") personnel and employment history and records;

    (B) NYPD disciplinary-related records and information regarding the conduct of Members of Service of the NYPD conducted by the NYPD, the Civilian Complaint Review Board, Internal Affairs Bureau, other NYPD divisions, or any other governmental agencies;

    (C) Names and addresses of non-party individuals/witnesses who have been identified and/or disclosed by defendant City to the extent such information is within defendant City's possession;

    (D) Other documents and information that may in good faith, during the pendency of this litigation, be designated "Confidential Materials" by defendant City or the Court.

3. The documents and information as defined in Paragraph 2 shall not be deemed "Confidential Materials" to the extent, and only to the extent, that they are: (a) obtained by plaintiff from sources other than defendant City, or (b) are otherwise publicly available.

4. Defendant City shall designate particular documents "Confidential Materials" by labeling such documents "Confidential" and/or by designating such documents by bates number in a writing directed to plaintiff's and co-defendants' counsel.

5. Defendant City shall have a reasonable time to inspect and designate as "Confidential Materials" documents sought from third parties.

6. Any documents produced by a non-party by request or pursuant to a subpoena in this Matter and that are designated as Confidential Materials by defendant City shall be governed by the terms of this Stipulation of Confidentiality and Protective Order.

7. Defendant City reserves the right to designate any document confidential pursuant to this Stipulation of Confidentiality and Protective Order if necessary after production of such documents to Plaintiff or co-defendants.

8. Inadvertent production of any document or information which is privileged, confidential, and/or was prepared in anticipation of litigation, is otherwise immune from discovery, shall not constitute a waiver of any privilege or confidentiality or of another ground for objecting to discovery with respect to that document, or its subject matter, or the information contained therein, or of the disclosing party's right to object to the use of any such document or the information contained therein during any proceeding in this litigation or otherwise.

9. If a party objects to the designation of particular documents as "Confidential Materials," that party shall state such objection in writing to the designating party, and the parties shall endeavor in good faith to resolve such an objection. If such an objection cannot be resolved, then, within fifteen (15) days of receiving the response to the objection to the material's classification as confidential, the objecting party shall seek judicial intervention. Any

3

such materials or information shall remain confidential until the parties resolve the objection or there is a resolution of the designation by the Court.

10. Confidential Materials may not be used for any purpose other than for the preparation or presentation of this Matter.

11. Plaintiff or Plaintiff's attorneys shall not disclose the Confidential Materials to any person other than a party, an attorney of record for that party, or any member of the staff of that attorney's office, except under the following conditions:

  a. Disclosure may be made only if necessary to the preparation or presentation of the party's case in this Matter, to those individuals described in the subparagraphs below.

  b. Disclosure before trial may be made only to a party, to an expert who has been retained or specially employed by a party's attorney in anticipation of litigation or preparation for this Matter, to a witness at deposition, or to the Court.

  c. Before any disclosure is made to a person listed in subparagraphs (a) and (b) above (other than to the Court), the disclosing party's attorney shall provide each such person with a copy of this Stipulation of Confidentiality and Protective Order for review, and such person shall consent in writing, in the form annexed hereto as Exhibit A, not to use the Confidential Materials for any purpose other than in connection with the prosecution of this case and not to further disclose the Confidential Materials except in testimony taken in this case.



12. Deposition testimony and exhibits concerning any Confidential Materials which reveals the contents of such materials shall be deemed confidential, and the transcript of such testimony, together with any exhibits referred to therein, shall be separately bound, with a cover page prominently marked "CONFIDENTIAL." Such portion of the transcript shall be deemed to be Confidential Materials within the meaning of this Stipulation of Confidentiality and Protective Order.

13. If any paper which incorporates any Confidential Materials or reveals the contents thereof is filed in this Court, those portions of the papers shall be filed under seal, in accordance with the rules of the District Court in which the Matter is filed and/or the Individual Rules of the judge to whom the papers are directed.

14. Where the confidential information is not material to issues addressed in court submissions and Defendant City agrees in writing that the redaction of personal, confidential and/or identifying information would be sufficient to protect the interests of parties or non-parties, the parties may file redacted documents without further order of the Court.

15. Within 30 days after the termination of this Matter, including any appeals, the "Confidential Materials," including all copies, notes, and other materials containing or referring to information derived therefrom (other than the Court's copies of such materials), shall be returned to defendant City's attorneys or, upon Defendant City's attorneys' consent, destroyed, and all persons who possessed such materials shall verify their return or destruction by affidavit furnished to Defendant City's attorney. Notwithstanding this provision, attorneys may retain a copy of all pleadings, motion papers, transcripts, expert reports, legal memoranda, correspondence, or attorney work product, even if such materials contain Confidential Materials, so long as appropriate safeguards are imposed to prevent the use of any copies for any purpose.

Any such copies that contain or constitute Confidential Materials remain subject to this Stipulation of Confidentiality and Protective Order.

16. Nothing in this Stipulation of Confidentiality and Protective Order shall be construed to limit Defendant City's use of its own Confidential Materials in any manner.

17. This Stipulation of Confidentiality and Protective Order will survive the termination of the litigation and will continue to be binding upon all persons to whom Confidential Materials are produced or disclosed. All documents or information that have been deemed confidential pursuant to this order, including all copies and non-conforming copies thereof, shall remain confidential for all time. Once the Matter has been resolved, including all appeals, the Confidential Materials, including all copies and non-conforming copies thereof, shall not be used by Plaintiff, co-defendants, or anyone receiving confidential documents pursuant to paragraph 10 herein, for any purpose without prior Court approval.

18. This Stipulation of Confidentiality and Protective Order shall be binding upon the parties immediately upon signature and shall be submitted to the Court for entry as an Order.

19. The terms of this Stipulation of Confidentiality and Protective Order shall be binding upon all current and future parties to this Matter and their counsel.

<table>
<tr><td>

MARK A. SMITH  
*Plaintiff PRO SE*  
223 Ten Eyck Walk, Apt 2-C  
Brooklyn, NY 11206  

By: _____  
    Mark A. Smith

</td><td>

ZACHARY W. CARTER  
Corporation Counsel of the City of New York  
*Attorney for Defendants Allevato and Famiano*  
100 Church Street, Rm. 3-137  
New York, New York 10007  

By: _____  
    Nicholas L. Collins, Esq.

</td></tr>
</table>

**SO ORDERED:**

_____  
**HON. RAMON E. REYES, JR.**  
**UNITED STATES DISTRICT**  
**MAGISTRATE JUDGE**

**Dated:** _____